UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK ANTHONY ANDERSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE PENTAGON,<br><br>                    Defendant. | 23-CV-8144 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, proceeds *pro se*. He brings this action against "the Pentagon," which is the headquarters of the United States Department of Defense in Arlington, Virginia. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Minnesota.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" is deemed to reside in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The venue provision for a civil action against a federal officer or agency provides:

> A civil action in which a defendant is . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Plaintiff alleges that his claims arose in 2022 in the Blue Earth County Jail in Minnesota. (ECF 1 at 5.) He wrote multiple letters addressed to the Pentagon regarding nuclear threats involving Vladimir Putin and indicates that he was prepared to cooperate to serve the security interests of the United States. Plaintiff further alleges that he suffered multiple due process violations in Minnesota's Blue Earth County Court System, though he does not name any defendant in connection with such a claim.

Venue does not lie in this district under Section 1391(b) or (e). Plaintiff alleges that his claims arose in Minnesota, and he resides in Queens County, which is in the Eastern District of New York, outside this district.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Blue Earth County, Minnesota, which is in the District of Minnesota, Second Division. *See* 28 U.S.C. § 103(2). Accordingly, venue lies in the District of Minnesota, 28 U.S.C. § 1391(b)(2), (e)(B), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Minnesota, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Minnesota. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge